IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Ronald L. Grimes,<br><br>        Plaintiff,<br><br>  vs.<br><br>Amazon.Com Services, Inc. Tenmarks Education LLC, *et al.*,<br><br>        Defendants. | CASE NO. 1:24-cv-192<br><br>DISTRICT JUDGE<br>Donald C. Nugent<br><br>MAGISTRATE JUDGE<br>James E. Grimes Jr.<br><br>**REPORT AND RECOMMENDATION** |

*Pro se* plaintiff Ronald L. Grimes filed the complaint in this matter on January 31, 2024. Doc. 1. In early February 2024, service of summons was issued by the Clerk via certified mail. *See* February 7, 2024, Docket Entries. On May 9, 2024, the Court ordered Grimes to show cause why this case should not be dismissed for failure to prosecute. Doc. 5. On May 22, 2024, a return of service was filed by the Clerks office indicating that the summons, originally issued in February, was accepted by defendant Amazon.com Services CLE2 on May 20, 2024. Doc. 6. No such document or other filing has been submitted to indicate that defendant Amazon.Com Services, Inc. Tenmarks Education LLC (Tenmarks) has been served.

Federal Rule of Civil Procedure 4(m) provides, in part: "If a defendant is not served *within 90 days after the complaint is filed*, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without

prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). The rule also requires the court "to extend the time for service for an appropriate period," if the plaintiff can show good cause for failure to serve a defendant within the 90-day timeframe. *Id.* A plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban County Government*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

Grimes's complaint was filed on January 31, 2024. *See* Doc. 1. The 90-days permitted under Rule 4(m) expired on April 30, 2024. The Court provided Grimes with an opportunity to show cause for his failure to serve during the 90 days afforded under Rule 4(m). *See* Doc. 5. And the Court informed Grimes that it may recommend that his complaint be dismissed for failure to prosecute if he did not show cause. *Id.* Grimes did not file any response to the Court's show cause order.

The docket reflects that service was completed as to defendant CLE 2 on May 20, 2024.[1] *See* Doc. 6. However, no docket entry demonstrates that service has been completed as to defendant Tenmarks. Grimes has also not requested, in response to this Court's show cause order or otherwise, additional time to complete service or otherwise acknowledged whether service has been made

---

[1] The Court has contemporaneously issued a separate order pertaining to defendant CLE2.

despite the passage of 90 days. Grimes has not shown cause for his failure to prosecute his claims against defendant Tenmarks as directed by Court order.

Accordingly, the Court now recommends that Grimes's claims against defendant Tenmarks be dismissed from this action based on Grimes's failure to prosecute.

Dated: June 25, 2024

                                       */s/ James E. Grimes Jr.*
                                       James E. Grimes Jr.
                                       U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).