# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| RONALD L. GRIMES, | ) | CASE NO.  1:24-CV-00192 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| AMAZON.COM SERVICES, INC, | ) | MEMORANDUM OF OPINION |
| TENMARKS EDUCATION LLC, et al.,[1] | ) | AND ORDER ADOPTING |
| | ) | MAGISTRATE JUDGE'S REPORT |
| Defendants. | ) | AND RECOMMENDATION |

This matter is before the Court upon the April 24, 2026 *Report and Recommendation* of

Magistrate Judge James E. Grimes, Jr., (ECF #64), issued in connection with Defendant

Amazon.com Services LLC's *Motion for Summary Judgment* (ECF #57).  Defendant's motion

was filed in response to Plaintiff Ronald L. Grimes' *Amended Complaint* (ECF #41), which he

filed on December 2, 2024.  The *Amended Complaint* asserted claims under:  (Count I) Title VII

of the Civil Rights Act and Title I of the Americans with Disabilities Act, "because of disability,

---

[1]   As noted in the *Report & Recommendation*, the initial Complaint (ECF #1) was captioned *Grimes v. Amazon.com Services Inc.[,] Tenmarks Education LLC, et al*.  The identity of the Defendant (or Defendants) in this case has been an issue of some dispute, and differing names for Plaintiff's former employer have appeared in various captions included with documents filed throughout this case.  In an effort to remedy the confusion, on December 2, 2024, Plaintiff filed an *Amended Complaint* (ECF #41) naming "Amazon.com Services LLC" as the Defendant, (which Defendant has recently noted is its correct name, *see Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Report & Recommendation*, ECF #67, p.1, n.1).  However, no party has ever moved the Court to amend the case caption itself.  (*See* ECF #64, *Report & Recommendation*, p.1, n.1).  Thus, for the purposes of this *Order Adopting Magistrate Judge's Report & Recommendation*, the original case caption (which also appears in the caption of the *Report & Recommendation*) is used.

race, and retaliation"; (Count II) Ohio Revised Code § 4112.02(A), claiming employment discrimination "based on erroneous assumptions about [Plaintiff's] race, EEO complaints, and disability; and (Count III) Ohio Revised Code § 4112.02(J), which prohibits any person from aiding and abetting acts of employment discrimination.

After a careful and independent review of the *Report and Recommendation* (ECF #10), as well as Plaintiff Grimes' objections, and Defendant Amazon.com Services LLC's ("Amazon") response, the *Report and Recommendation* is ADOPTED in its entirety.

## PROCEDURAL BACKGROUND

This case relates to Plaintiff Ronald Grimes' employment with Amazon, which began in November 2018, and ended with his termination in February 2023. The detailed facts at issue are contained in the *Report and Recommendation*, at pages 2-5. The key facts are that Grimes was hired by Amazon in November 2018 as a "Fulfillment Associate" at an Amazon sorting center in North Randall, Ohio. He later applied for, and was promoted to, a night-shift position as a "Transportation Associate" in October 2022. Very soon after he began in his new position, Grimes filed a request with Amazon's Disability and Leave Services ("DLS") department asking for an "accommodation" to instead work a day shift position, claiming that childcare obligations and the fact that he used a CPAP[2] machine required the change. In response to the request for the accommodation to change to day shift (even though Grimes had just applied for the night shift position), Amazon's DLS team contacted Grimes about his request for accommodation, and instructed him to provide supporting medical documentation within seven days. He never did so,

---

[2]

"CPAP" is an acronym for [C]ontinuous [P]ositive [A]irway [P]ressure, which describes a device used to treat obstructive sleep apnea.

and Amazon then closed his accommodation request, though it also notified Grimes that it would

reopen the request if he provided the requested documentation within 30 days, which Grimes also

failed to do.  (ECF #64, *Report & Recommendation*, at pp.2-3).

The record shows that Grimes' work history with Amazon, from 2018 to 2023, included

multiple verbal and written warnings about his performance, suspensions, and terminations

(some of which were rescinded on appeal).  (ECF #64, *Report & Recommendation*, at p.3).

Grimes' time at Amazon ended with two notable incidents.  On December 10, 2022, Grimes

maneuvered his vehicle into another driver's safety bubble and, as a result, hit the other driver's

tractor with his trailer.  As a result, Amazon issued Grimes a final written warning for willfully

violating minimum safe driving distance requirements.  (*See* ECF #64, *Report &*

*Recommendation*, p.3).  On December 31, 2022, Grimes threatened to tie one end of a rope

around another Transportation Associate and the other end of the rope around a horse, "and

watch the horse drag the [other] TA around the yard."  This incident was recorded by another

Transportation Associate on his phone.  As a result of this incident, Amazon suspended Grimes

pending Amazon's investigation.  (*See* ECF #64, *Report & Recommendation*, p.4).  Although

Grimes denied making the comment and stated he "does not own a horse" and that he "often

vent[s] but it is not meant as serious," after the investigation, Amazon concluded that Grimes had

made the described threat of violence against another Transportation Associate and that he thus

violated Amazon's Standards of Conduct and Workplace Violence policies.  (*See* ECF #64,

*Report & Recommendation*, p.4).

Grimes was terminated from his employment on February 3, 2023.  (*See* ECF #64, *Report*

*& Recommendation*, p.4).  Thereafter, Grimes alleged wrongful termination through internal

Amazon process. Amazon investigated the wrongful termination claim, and declined to overturn the decision. Grimes appealed that decision, and Amazon ultimately scheduled a hearing on the matter to be held by phone call, the date and time of which was communicated to Grimes. Grimes missed that call, stating that his phone had "blocked the call." He later e-mailed Amazon asking about rescheduling the hearing, but Amazon declined to do so, and, based on Grimes' conduct in connection with the December 2022 incidents, upheld his termination. (*See* ECF #64, *Report & Recommendation*, pp.4-5).

Grimes filed his initial *Complaint* with this Court on January 31, 2024. (ECF #1). After a number of various proceedings related to service, default judgment, and briefing on a motion to dismiss filed by Amazon, Grimes filed an *Amended Complaint* on December 2, 2024 (ECF #41). Amazon filed its *Motion for Summary Judgment* on January 23, 2026 (ECF #57).

After briefing on the motion, Magistrate Judge James E. Grimes, Jr., issued a detailed and comprehensive *Report and Recommendation* on April 24, 2026 (ECF #64), recommending that this Court grant Amazon's *Motion for Summary Judgment*. (*See* ECF #64, *Report & Recommendation*, at p.40).

### STANDARD OF REVIEW

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to the report and recommendation.

When objections are made to the magistrate judge's report and recommendation, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b)(3). When no timely objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 Advisory Committee Notes (citations

-4-

omitted).  *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.") (on *certiorari* from the Sixth Circuit).

Here, as Plaintiff Ronald Grimes filed various objections to the *Report and Recommendation*, (*see* ECF #66), and Defendant Amazon filed a response to those objections, (*see* ECF #67), the Court conducted and independent *de novo* review of the *Report & Recommendation* and related filings.

## CONCLUSION

The Court has carefully and independently reviewed the *Report and Recommendation* (ECF #64), as well as Plaintiff Ronald Grimes' recently filed *Objections/Response to Report and Recommendation*, (ECF #66), and agrees with the findings set forth in the *Report and Recommendation*.  Accordingly, the *Report and Recommendation* of Magistrate Judge James E. Grimes, Jr. (ECF #64) is ADOPTED, and the *Motion for Summary Judgment* filed by Defendant Amazon.com Services LLC (ECF #57) is GRANTED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _May 26, 2026_

-5-